[Civ. No. 19557.  First Dist., Div. Two.  Nov. 21, 1960.]

JANE HOLT, Petitioner, v. SUPERIOR COURT OF SAN MATEO COUNTY, Respondent; LOREN A. BECKLEY, as Probation Officer, etc., et al., Real Parties in Interest.

Sullivan, Roche, Johnson & Farraher and Daniel H. Dibert for Petitioner.

Keith C. Sorenson, District Attorney, and Lyle R. Edson, Chief Civil Deputy District Attorney, for Respondent and Real Parties in Interest.

SHOEMAKER, J.—Petitioner is the mother of three minor children. At the instigation of a probation officer three proceedings are pending in respondent court to declare the three children wards of that court.

Petitioner, prior to hearings upon the proceedings below, moved in respondent court to inspect a certain probationary report submitted by the probation officer and read by the judge below. There is a conflict in the record as to whether a report has ever been filed. Petitioner contends that filing was made. Respondents deny such filing. The motion was denied. That denial forms the basis for this petition for writ of mandate.

The questions to be decided on this application are:

(1) May parents inspect the report of a probation officer made pursuant to Welfare & Institutions Code, section 639, and

(2) May this court compel inspection prior to the filing of the report?

■ Petitioner contends that as a parent of the children sought to be made wards of the court she has a statutory right to inspect the report under Welfare & Institutions Code, section 639.

Petitioner's contention seems amply justified by the language of the statute:

"§ 639. [*Scope of inquiry; report to judge.*] The probation officer shall inquire into the antecedents, character, family history, and environment of every person brought before the court, and of every person alleged to be a person who should be declared free from the custody and control of his parents. He shall inquire into the cause for which each such person is brought before the juvenile court, and shall make his report in writing to the judge thereof. The clerk with whom this report is filed shall not make it public, nor permit it to be inspected by any person except the parties mentioned therein, or their attorneys, unless the court before whom the proceeding is pending shall so direct by minute order, for good cause." (Stats. 1937, ch. 369, p. 1027, § 639.)

This right to inspect was referred to in the case of *In re Florance*, 47 Cal.2d 25, 28 [300 P.2d 825], where the court stated: ". . . [T]his report is open to inspection by the parties." "Such court [juvenile] operates under special powers in conformity with the procedure prescribed therefor . . . which authorize the consideration . . . of the written reports and recommendations of the probation officer, which under said law are open to inspection of the interested parties. (Welf. & Inst. Code, §§ 638, 639, 640.)" (*In re Jones* (1939), 34 Cal.App.2d 77, 82 [93 P.2d 185] ; *In re Halamuda* (1948), 85 Cal.App.2d 219, 224 [192 P.2d 781].) There is no question that "parties" and "interested parties" encompass the parents of the minors involved. (*In re Matter of Hill* (1926), 78 Cal.App. 23, 26 [247 P. 591] ; 24 Ops. Atty. Gen. 69.)

■ Although there is no doubt that "The primary consideration in proceedings to declare a minor a ward of the juvenile court is the minor's welfare" (*In re Florance, supra,* at p. 28), "On the other hand, a normal parent's devotion, care, and guidance are invaluable, and can seldom be replaced." (*In re Matter of Hill, supra,* at p. 27.) It cannot be gainsaid that parents have substantial interests in proceedings directed toward depriving them of their children and the clear intendment of the statute is to allow some indication of the

reasons by which the State seeks to remove from them the direction, control and company of their children.

We conclude therefore that parents have a right to inspect reports made pursuant to Welfare and Institutions Code, section 639.

■ Petitioner finally contends that this court may compel inspection prior to the filing of the report.

Respondents argue with considerable force that the motion is premature in that under section 639 and section 640 the report must have been filed with the clerk of the court and such filing is to be accomplished at the date of the hearing. The latter contention is based upon Welfare and Institutions Code, section 640 set forth below:

"§ 640. [*Duties of officers in court.*] The probation officer shall be present in court to represent the interests of each such person when his case is heard, and shall furnish to the court such information and assistance as the court may require and shall make his report thereon at that time. If so ordered, he shall take charge of such person before and after the hearing. At any time the probation officer may bring any such ward committed to his care before the court with written report and recommendation for such further order or other action as the court deems proper. Before any such ward is recommitted, the probation officer shall inquire into the reasons assigned for such action and shall be present in court to represent the interests of such ward." (Stats. 1937, ch. 369, p. 1027, § 640.)

As pointed out above, petitioner and respondent are in conflict as to whether the report was ever filed.

It is obvious, however, that the court read the report thoroughly and was familiar with it.

It seems clear that the needs of Welfare and Institutions Code, section 639 have been fulfilled without filing (assuming respondent's position is correct). The report was made, the court was informed. Yet "The report must be filed . . . ."

". . . [W]hen the . . . report was filed it became a judicial record that the juvenile court judge should consider in deciding the case." (*In re Halamuda, supra,* at p. 223.)

It would seem that under the wording of section 639 and the decisions referred to above the filing of the report is mandatory. However, it is our opinion that the language of section 640 above quoted does not necessarily mean that such report must be filed only at the hearing.

Section 640 uses the word "report" in connection with the court hearing and speaks of the probation officer being present

to furnish such "information and assistance as the court may require" at the time. Viewing this language in context, we consider it to refer to an oral presentation (which may be based upon the filed written report) for the information of the court and also the other parties to the proceedings. The section goes on to allow further reports, but requires them to be written, whereas "written" is omitted from the section with reference to the first "report" mentioned in section 640.

Further, it requires reports made pursuant to section 639 to be made only at the hearing. Such a procedure would preclude the usefulness of inspection of such a document which could be of great length and detail and afford little time for preparation to rebut that which is a judicial record and considered as evidence. (*In re Halamuda, supra.*)

Although it is clear that wardship proceedings in a juvenile court are not of a criminal nature and are subject to special rules which avoid the technical niceties of other proceedings, it would seem unjustifiable to permit the respondents to accomplish all the purposes of section 639 and only permit inspection of the report at the last moment. Inspection under such circumstances is of little use.

We believe that once the report, pursuant to Welfare and Institutions Code, section 639, is made and furnished to the court, the right to inspection arises.

Let a peremptory writ of mandate issue as prayed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied December 21, 1960.