Opinion
 

 ALLPORT, Acting P. J.
 

 Petitioner a ward of the juvenile court, seeks a writ of habeas corpus in contesting an order of the juvenile court dated August 4, 1977, imposing an additional condition of probation that he be
 
 *344
 
 committed to juvenile hall for a period of not less than 15 nor more than 30 days duration to commence August 15, 1977. After petition for hearing in the Supreme Court that court stayed the superior court’s detention order pending final disposition of the habeas corpus petition.
 

 Petitioner then 16 years of age was declared a ward of the juvenile court on January 20, 1977, following the sustaining of a petition (Welf. & Inst. Code, § 602) alleging he had committed burglary . (Pen. Code, § 459) and violated curfew. (L. A. County Ord., § 9258.1.) He was placed on probation in the home of his mother on certain conditions of probation, one of which imposed the obligation to perform 200 hours óf work at the juvenile work development program under supervision of the probation officer. No condition imposed any juvenile hall detention.
 

 On July 26, 1977, petitioner appeared in juvenile court pursuant to a probation officer’s report entitled “Notice Of Motion And Motion For Modification Of Order Granting Probation (775 W&I Code).” The probation report, submitted at the July 26 hearing, alleged violation of previously imposed conditions of probation in that petitioner had been terminated from the work program he had been ordered to complete because of too many unexcused absences (3). On motion of petitioner’s counsel, the matter was continued to August 4, 1977, for the purpose of preparation.
 

 On August 4, 1977, the matter was heard as a “775 WIC motion” in juvenile court over petitioner’s objection to the proceeding based upon the fact that he was being subjected to confinement without the filing of a supplemental petition under Welfare and Institutions Code section 777
 
 [1]
 
 
 *345
 
 “or a hearing under that section, with competent proof beyond a reasonable doubt both of the alleged violation of probation and of the complete failure of the previous disposition.” Petitioner objected also on the ground that juvenile hall confinement is purely punitive. After the court overruled petitioner’s objections, petitioner took the stand and testified that his absences from work were due to the fact that he had missed the bus to work once and had been sick on another occasion. No testimony was offered by the prosecution. The court then granted the probation officer’s motion and. added the condition of probation detaining petitioner in juvenile hall.
 

 In seeking a writ of habeas corpus, petitioner presents the issues involved as follows:
 

 “1) Is a juvenile court free to impose a condition of probation resulting in confinement for an alleged violation of probation, where no petition is filed, no competent proof of the alleged violation is adduced, no determination of proof beyond a reasonable doubt is made, and the previous disposition of the minor is not shown to be wholly ineffective, where statutory law clearly requires each of these procedural safeguards?
 

 “2) Can a juvenile court impose detention time in juvenile hall where the court admits such detention is punitive—and claims that being punitive, it is rehabilitative—and such detention is not imposed as an alternative to a more restrictive disposition?”
 

 Discussion
 

 First of all we note that under section 775 “[a]ny order made by the court. . . may at any time be . . . modified .. . subject to such procedural requirements as are imposed by this article [II].” Section 777,
 
 supra,
 
 provides that “[a]n order . . . modifying a previous order by removing a minor from the physical custody of a parent . . . and directing . . . commitment to a county institution . . . shall be made only after noticed hearing upon a supplemental petition . . . [alleging] facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation ... of the minor.”
 

 In the instant case the proceeding to modify the probation was initiated by the aforementioned probation officer’s report noticing the motion for modification under “775 W & I Code.” The report was not verified as required of original petitions (Welf. & Inst. Code, § 656) and
 

 
 *346
 
 contained no statement of facts from which it could be concluded that the previpus disposition was ineffective in petitioner’s rehabilitation.
 
 (In re Denise C.,
 
 45 Cal.App.3d 761, 766 [119 Cal.Rptr. 735];
 
 In re Donna G.,
 
 6 Cal.App.3d 890, 892-895 [86 Cal.Rptr. 421].) Since the modification of probation in question effectively removed petitioner from the physical custody of his mother and directed commitment to juvenile hall, compliance with the procedural requirements of section 777 was mandatory. This was not done and as a result the modification of probation is invalid. Petitioner properly sought relief from this invalid condition of probation by petition for writ of habeas corpus.
 
 (In re Bushman,
 
 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 727].)
 

 Since we determine the modification of probation was invalid for failure to comply with procedural requirements of section 777 we need not discuss the second issue presented by petitioner.
 

 The petition for writ of habeas corpus is granted and the Superior Court of Los Angeles County is directed to vacate its order modifying probation.
 

 Potter, J., and Loring, J.,* concurred.
 

 A petition for a rehearing was denied November 9, 1977, and respondent’s petition for a hearing by the Supreme Court was denied December 22, 1977.
 

 [1]
 

 Section 777 provides in part: “An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition. “(a) The supplemental petition shall be filed by the probation officer in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor. “(b) Upon the filing of such supplemental petition, the clerk of the juvenile court shall immediately set the same for hearing within 30 days, and the probation officer shall cause notice thereof to be served upon the persons and in the manner prescribed by Sections 658 and 660.”