76 Cal.Rptr.2d 453 (1998)
65 Cal.App.4th 453
In re ERNEST R., a Person Coming Under the Juvenile Court Law.
The PEOPLE, Plaintiff and Respondent,
v.
ERNEST R., Defendant and Appellant.
No. C026702.
Court of Appeal, Third District.
July 7, 1998.
George R. Robertson, under appointment by the Court of Appeal, Stockton, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.
SIMS, Associate Justice.
This appeal arises from delinquency proceedings in juvenile court.
The minor, Ernest R., was a ward of the court due to previously sustained petitions for second degree misdemeanor burglary (Pen.Code, §§ 459, 460), misdemeanor theft (Pen.Code, § 484), possession of a knife on school grounds (Pen.Code, § 626.10), making terrorist threats (Pen.Code, § 422), and battery with serious bodily injury (Pen.Code, § 243, subd. (d)).
On March 18, 1997, a supplemental petition (Welf. & InstCode, § 777, hereafter all references *454 to undesignated sections are to the Welfare an Institutions Code) was filed against the minor. The petition set forth the formerly sustained petitions and alleged that his prior disposition had not been effective in his rehabilitation because the minor had damaged property and committed battery on a staff member at his latest placement. Following a contested hearing the petition was sustained.
The probation officer's report recommended a Youth Authority commitment with aggregation of the previously sustained petitions for the maximum period of confinement. At the disposition hearing the minor argued that a petition filed pursuant to section 777 did not permit aggregation of previously sustained petitions. The matter was continued for the minor to file points and authorities on the issue.
At the continued hearing the court, relying on In re Michael B. (1980) 28 Cal.3d 548, 169 Cal.Rptr. 723, 620 P.2d 173, rejected the minor's argument. The court committed him to the Youth Authority and aggregated his previously sustained section 602 petitions for a maximum confinement time of five years and six months.
On appeal, the minor contends U) a section 777 petition is not a proper vehicle for aggregation of previously sustained petitions and the court erred in relying on Michael B., (2) the instant petition cannot be considered a unitary petition, and (3) aggregation cannot be permitted because the minor was not provided with written notice of intent to aggregate. We shall affirm.

I
Section 777 provides for the modification of a previously ordered disposition when that disposition has not been effective in the minor's rehabilitation and a more restrictive disposition, including a Youth Authority commitment, is sought. (§ 777, subd. (a); rule 1430(c)(1), Cal. Rules of Court; hereafter rule refers to California Kules of Court.)[1] *455 Where, as here, the minor's wardship was the result of the sustaining of a section 602 petition, the section 777 petition must allege either a violation of a condition of probation or a new criminal offense. (§ 777, subd. (a)(2); rule 1430(c)(1).) Nothing in either section 777 or in its analogue, rule 1430, expressly provides for aggregation of previously sustained petitions.
However, section 726 governs aggregation of confinement time, and provides in pertinent part: "... In any case in which the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court. [¶] ... [¶] If the court elects to aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the `maximum term of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code...."
In essence the minor argues that section 726 cannot authorize aggravation because that statute applies only where the minor is removed from physical custody of a parent "as the result of an order of wardship made pursuant to Section 602...." Here, the minor suggests physical custody is removed pursuant to section 777.
In our view, the minor's argument proves too much. Thus, the ultimate adjudication of a section 777 petition (which is sustained) involves a dispositional hearing at which the court may make a new dispositional order: "The dispositional hearing is the second phase of the supplemental petition proceedings. Therein, the juvenile court must consider evidence as to the appropriate disposition for the minor. After hearing evidence, the court must reassess the disposition in light of the then prevailing circumstances. (In re Chad S. (1994) 30 Cal.App.4th 607, 612 [35 Cal.Rptr.2d 795].) At disposition, if the juvenile court removes custody from the parent, it must make the findings required by section 726 and California Rules of Court, rule 1493(c)...." (In re Jorge Q. (1997) 54 Cal.App.4th 223, 233, 62 Cal.Rptr.2d 535.)
Thus, contrary to the minor's suggestion, section 777 contemplates the court may undertake a new disposition, including the setting of maximum time of confinement and aggregation if appropriate. The statutory authority for doing so lies in section 726. When the court makes a new disposition removing the minor from parental custody under section 777, the disposition is still "the result of an order of wardship made pursuant to Section 602," as section 726 requires; the order of wardship was simply entered earlier in the proceedings but still constitutes the basis for the court's disposition. By the minor's reading of section 726, that statute would not apply to section 777 dispositions at all. That reading would eliminate the juvenile court's authority to set terms at a section 777 dispositional hearing and would therefore result in an absurd consequence. Statutes *456 are to be given a reasonable and commonsense interpretation consistent with the apparent legislative purpose and intent and which, when applied, will result in wise policy rather than mischief or absurdity. (Dyna-Med, Inc. v. Fair Employment & Housing Com (1987) 43 Cal.3d 1379, 1392, 241 Cal. Rptr. 67, 743 P.2d 1323.)
We conclude the juvenile court's aggregation order was authorized by section 726.
The minor is correct that In re Michael B., supra, 28 Cal.3d 548, 169 Cal.Rptr. 723, 620 P.2d 173, is not relevant on the issue of whether aggregation may be made where only a section 777 petition is filed. In Michael B., the minor had a third section 602 petition sustained against him. He was committed to the Youth Authority with the juvenile court aggregating his two previously sustained section 602 petitions in determining his confinement time. (Id. at pp. 551-552, 169 Cal.Rptr. 723,620 P.2d 173.)
On appeal, the court rejected the minor's claim that since a section 777 petition had not been filed the court was precluded from aggregating his prior sustained petitions in determining his confinement time. (In re Michael B., supra, 28 Cal.3d at pp. 552-553, 169 Cal.Rptr. 723, 620 P.2d 173.) The court noted that while section 777 does state that a supplemental petition is required in order to change or modify a previous order by removing the minor from his parents' custody or committing him to the Youth Authority, "a section 777 petition is not the exclusive method of initiating proceedings calling for such a change or modification." (Id. at p. 553, 169 Cal.Rptr. 723, 620 P.2d 173.) Section 602 may also be used to effect such changes; however, due process required that the minor be given notice of intent to aggregate. (Id. at pp. 553-554, 169 Cal.Rptr. 723, 620 P.2d 173.) Against the suggestion that permitting the use of section 602 to modify previous orders would require filing petitions under both sections 602 and 777 and, "therefore, result in a duplication of hearings and evidence, the court observed that a "single unitary petition," i.e., a petition setting forth the allegations of both sections 602 and 777 and giving notice of intent to aggregate, would suffice. (Id. at pp. 553-554, 169 Cal. Rptr. 723, 620 P.2d 173.) In short, Michael B. says nothing about whether aggregation may occur where only a section 777 petition is filed. However, the juvenile court's reliance on Michael B. is immaterial inasmuch as aggregation under section 777 is authorized by section 726.

II
The minor contends the instant petition, i.e., the one filed March 18, 1997, is not a unitary petition. The point is moot in light of our determination that aggregation under section 726 is appropriate for petitions filed under section 777.

III
The minor contends aggregation of his prior sustained section 602 petitions cannot be made because the petition failed to give him notice of such intent. A minor has a due process right to notice that his maximum term of confinement could be aggregated on the basis of his prior offenses. (In re Michael B., supra, 28 Cal.3d at p. 555, 169 Cal.Rptr. 723,620 P.2d 173.)
While nothing in the petition gives the minor notice of intent to aggregate, such notice was given him at his arraignment on the petition. At the minor's arraignment, the court read to the minor each of his previously sustained charges along with their maximum time of confinement. The minor and his counsel were told by the court that the petitioner intended to aggregate the previously sustained petitions. Thus, the court's statements were sufficient to give the minor notice of the maximum period he faced. The failure to give the minor written notice of aggregation was thus harmless error. (In re Steven O. (1991) 229 Cal.App.3d 46, 57, 279 Cal.Rptr. 868.)
The judgment (order committing the minor to the Youth Authority) is affirmed.
PUGLIA, P.J., and CALLAHAN, J., concur.
NOTES
[1] Section 777 provides: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative, or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition.

"(a) The supplemental petition shall be filed as follows:
"(1) By the probation officer where a minor has been declared a ward of the court or a probationer under Section 601 in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor.
"(2) By the probation officer or the prosecuting attorney, after consulting with the probation officer, if the minor is a court ward or probationer under Section 602 in the original matter and the supplemental petition alleges a violation of a condition of probation not amounting to a crime. The petition shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor. The petition shall be filed by the prosecuting attorney, after consulting with the probation officer, if a minor has been declared a ward or probationer under Section 602 in the original matter and the petition alleges a violation of a condition of probation amounting to a crime. The petition shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor.
"(3) Where the probation officer is the petitioner pursuant to paragraph (2), if prior to the attachment of jeopardy at the time of the jurisdictional hearing it appears to the prosecuting attorney that the minor is not a person described by subdivision (a) or that the supplemental petition was not properly charged, the prosecuting attorney may make a motion to dismiss the supplemental petition and may request that the matter be referred to the probation officer for whatever action the prosecuting attorney or probation officer may deem appropriate.
"(b) Notwithstanding the provisions of subdivision (a), if the petition alleges a violation of a condition of probation and is for the commitment of a minor to a county juvenile institution for a period of 30 days or less, or for a less restrictive disposition, it is not necessary to allege and prove that the previous disposition has not been effective in the rehabilitation or protection of the minor. However, before any period of commitment in excess of 15 days is ordered, the court shall determine and consider the effect that an extended commitment period would have on the minor's schooling, including possible loss of credits, and on any current employment of the minor. In order to make such a commitment the court must, however, find that the commitment is in the best interest of the minor. The provisions of this subdivision may not be utilized more than twice during the time the minor is a ward of the court.
"(c) Upon the filing of a supplemental petition, the clerk of the juvenile court shall immediately set the same for hearing within 30 days, and the probation officer shall cause notice of it to be served upon the persons and in the manner prescribed by Sections 658 and 660.
"(d) An order for the detention of the minor pending adjudication of the petition may be made only after a hearing is conducted pursuant to Article 15 (commencing with Section 625) of this chapter.
"(e) The filing of a supplemental petition and the hearing thereon shall not be required for the commitment of a minor to a county institution for a period of 30 days or less pursuant to an original or a previous order imposing a specified time in custody and staying the enforcement of the order subject to subsequent violation of a condition or conditions of probation, provided that in order to make the commitment, the court finds at a hearing that the minor has violated a condition of probation."
In relevant part, rule 1430(c)(1) provides: "A supplemental petition shall be used if:,[¶] (1) Petitioner concludes that a previous disposition has not been effective in the rehabilitation or protection of a child adjudged to be a ward or probationer under section 601 or 602 or declared a dependent under section 300 and seeks a more restrictive level of physical custody. For purposes of this chapter, a more restrictive level of custody shall be, in ascending order: ..."