Filed 10/4/13  In re P.S. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re P.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E057953 |
| Plaintiff and Respondent, | (Super.Ct.Nos. J244979 & DL043744*) |
| v. | |
| P.S., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Brian D. Saunders, Judge.  Affirmed.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

---

\* On transfer from the Superior Court of Orange County for disposition.

1

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Meagan J. Beale and William M. Wood, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant P.S. (minor) appeals from the juvenile court's declaration of his maximum term of confinement in case No. DL043744.  We find no error and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

In San Bernardino County case No. J244979, minor admitted to committing an attempted first degree residential burglary.  (Pen. Code, §§ 459, 460, 664.)  In return, minor was declared a ward of the court and placed in the custody of his mother on various terms and conditions of probation.

On November 18, 2012, minor was caught leaving the garage of a residence located in Orange County with a knit glove, a screwdriver in his pant pocket, and some crisp, paper clipped $2 bills in his sweatshirt pocket.  The occupants of the residence stated that various items were missing from their home, including an iPod touch, around $140 in cash, a small safe, jewelry, and four $2 bills held together with a paper clip.

On December 12, 2012, in case No. DL043744, the Orange County District Attorney's office filed an amended petition charging minor with first degree residential burglary (Pen. Code, §§ 459, 460, subd. (a)), receiving stolen property (Pen. Code, § 496, subd. (a)), petty theft (Pen. Code, §§ 484, subd. (a), 488) and misdemeanor possession of burglary tools (Pen. Code, § 466).

2

The jurisdictional hearing began on December 14, 2012. The receiving stolen property charge was reduced to a misdemeanor and the People dismissed the petty theft charge. Following testimony, the juvenile court found true the allegations that minor committed a residential burglary, misdemeanor receiving stolen property, and misdemeanor possession of burglary tools. The court also found the maximum confinement period to be six years two months as follows: six years for the burglary offense and two months (one-third the middle term) for the possession of burglary tools offense; the court stayed the receiving stolen property charge pursuant to Penal Code section 654. The matter was thereafter transferred to San Bernardino County where minor resided for disposition.

The San Bernardino County Juvenile Court accepted the case on January 2, 2013.

On January 16, 2013, the San Bernardino County Juvenile Court continued minor as a ward of the court and placed him on probation in the custody of his mother on various terms and conditions. At that time, the court agreed with the prosecutor that the Orange County Juvenile Court had set the maximum term of confinement at six years two months. Later, the prosecutor said, "The correct max is 6 years, 10 months." The court probation officer replied, "Thank you," and the proceedings were concluded. It appears that the additional eight months was attributed to the attempted residential burglary finding in the San Bernardino County proceeding, case No. J244979.

II

DISCUSSION

Minor contends that the juvenile court erred in setting the maximum term of confinement at six years 10 months because the consecutive terms on the receiving stolen property and possession of burglary tools offenses should have been stayed pursuant to Penal Code section 654. He therefore requests that this court reduce the maximum term of confinement to six years. The People respond that the court did not impose a consecutive term on the receiving stolen property charge, and that this court should not order any correction as to the possession of burglary tools offense. We are inclined to agree with the People.

Penal Code section 654 prohibits multiple punishment for an indivisible course of conduct even though it violates more than one statute. (*People v. James* (1977) 19 Cal.3d 99, 119; *In re Joseph G.* (1995) 32 Cal.App.4th 1735, 1743-1744.) Whether a course of conduct is indivisible depends on the intent and objective of the actor. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1216; *Neal v. State of California* (1960) 55 Cal.2d 11, 19.) If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one. (*People v. Perez* (1979) 23 Cal.3d 545, 551.)

When a court orders a minor removed from the physical custody of his parent or guardian, and commits the minor to the Division of Juvenile Facilities, it is required to specify the maximum term the minor can be held in physical confinement. (Welf. & Inst. Code, § 731, subd. (c).) The maximum period of confinement for which a ward may be committed may not exceed the maximum period of imprisonment that could be imposed

4

upon an adult convicted of the same offense. (Welf. & Inst. Code, § 731, subd. (c).) Thus, when such a commitment is ordered, the principles relating to multiple punishment under Penal Code section 654 apply to wardships. (*In re Michael B.* (1980) 28 Cal.3d 548, 556, fn. 3; *In re Jesse F.* (1982) 137 Cal.App.3d 164, 170.)

Initially, we note the record is clear that the Orange County Juvenile Court did order the receiving stolen property charge stayed pursuant to Penal Code section 654. As such, we reject minor's claim that the court erred in failing to stay his sentence on the receiving stolen property offense.

As to minor's claim that the possession of burglary tools should have been stayed, we find the issue is premature. The Penal Code section 654 issue is relevant only to the issue of whether the juvenile court's order calculating minor's maximum theoretical period of confinement must be corrected. However, minor was ordered on probation in the home of his mother and was not ordered into an out-of-home commitment. Because minor was not removed from his mother's physical custody, there is no need to decide the Penal Code section 654 issue or to correct the juvenile court's order calculating minor's maximum theoretical period of confinement. (*In re Danny H.* (2002) 104 Cal.App.4th 92, 106 [only when a court orders a minor removed from the physical custody of his parent or guardian is the court required to specify the maximum term the minor can be held in physical confinement]; *In re Joseph G.*, *supra*, 32 Cal.App.4th at pp. 1743-1744 [same].)

Thus, it is not necessary to reduce minor's maximum term of confinement or remand the case for a new disposition.

5

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

RICHLI
J.

6