Filed 2/2/21  In re J.F. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re J.F., a Person Coming Under the Juvenile Court Law. | C091913 |
| THE PEOPLE, | (Super. Ct. No. PDL20180036) |
| Plaintiff and Respondent, | |
| v. | |
| J.F., | |
| Defendant and Appellant. | |

Minor J.F. appeals from a juvenile court dispositional order declaring a maximum confinement time by aggregating prior petitions sustained against the minor.  Because the minor did not have notice that the maximum confinement time would be aggregated, we will remand the matter to the juvenile court for redetermination of the maximum

1

permissible term of physical confinement by means of procedures which give fair notice to the minor and an opportunity to be heard.

BACKGROUND

A petition under Welfare and Institutions Code section 602[1] alleged that the minor committed a robbery (Pen. Code, § 211) and an assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)) with an enhancement allegation that he caused bodily injury (Pen. Code, § 12022.7, subd. (a)). The petition indicated that the maximum confinement time was eight years. A box to indicate an intent to aggregate the maximum term of confinement with previously sustained petitions was not checked. The minor had five previously sustained petitions. The probation report noted that the maximum confinement time for all the petitions was nine years eight months.

The minor admitted the assault and the enhancement allegation, and the robbery charge was dismissed. During the plea colloquy, the juvenile court told the minor: "I'm going to tell you what the absolute maximum sentence is. It is not necessarily one that you are even going to get close to, but I need to let you know in an absolute worst case scenario what can happen. Your admissions can cause you to serve up to seven years of a commitment."

At the disposition hearing, the juvenile court determined that the maximum time in the probation report was miscalculated and should be eight years eight months. The juvenile court ordered the minor to serve not more than 143 days at the Juvenile Treatment Center, granted 53 days credit, and identified the maximum confinement time as eight years eight months. Minor's counsel objected, asserting that the identified maximum time was based on an aggregation of all the sustained petitions, but that would

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

be improper because the minor did not have prior notice of aggregation. The juvenile court said the issue was academic because "that's the last thing that is going to happen."

## DISCUSSION

The minor argues the juvenile court erred in calculating his maximum confinement time because the minor had no notice of aggregation before admitting to the charge and enhancement. The People agree.

Juvenile courts may elect to aggregate the period of confinement on multiple counts or multiple petitions, including previously sustained petitions. (§ 726, subd. (d)(3).) But due process requires notice of an intention to aggregate. (*In re Michael B.* (1980) 28 Cal.3d 548, 553-554.) Proper notice is given if the petition contains notice of the intent to rely on previous sustained petitions in order to aggregate the maximum period of confinement (*ibid*), or if the juvenile court informs the minor at arraignment of the intent to aggregate (*In re Ernest R.* (1998) 65 Cal.App.4th 443, 450).

Here, however, the minor was not given notice of an intent to aggregate. The box for aggregation on the petition was not checked, and the juvenile court did not inform the minor at or before his plea hearing of an intent to aggregate. Rather, the juvenile court told the minor at the plea hearing that the maximum time of confinement was seven years, which only covered the charges to which the minor was pleading, not the prior sustained petitions. "Due process mandates the remanding of this matter to the juvenile court 'for redetermination of the maximum permissible term of physical confinement by means of procedures which give fair notice to the minor and an opportunity to be heard.' " (*In re Michael B., supra*, 28 Cal.3d at p. 555.)

## DISPOSITION

The portion of the dispositional order identifying the maximum term of confinement is reversed, and the matter is remanded to the juvenile court for redetermination of the maximum permissible term of physical confinement by means

of procedures which give fair notice to the minor and an opportunity to be heard. The dispositional order is otherwise affirmed.

/S/
MAURO, J.

We concur:

/S/
RAYE, P. J.

/S/
DUARTE, J.