[Crim. No. 20512. Second Dist., Div. Three. Mar. 27, 1972.]

In re BENNY G., A Person Coming Under the Juvenile Court Law. CLIFFORD C. ROMER, Chief Probation Officer, Plaintiff and Respondent, v. BENNY G., Defendant and Appellant.

## Counsel

Betty Lou Galin for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, William R. Pounders and Bernardine M. Baldwin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

COBEY, J.—Benny G., a minor, appeals from a juvenile court order recommitting him to the California Youth Authority (Welf. & Inst. Code, § 602) upon a finding that he had been an accessory to robbery. (Pen. Code, § 32.) The appeal lies. (Welf. & Inst. Code, § 800.) Prior to the making of the order under appeal the juvenile court had found as not true the allegation that appellant had committed the armed robbery. (Pen. Code, § 211a.)

Appellant urges several grounds for reversal. Disposition of his case, however, requires that we consider only one of those grounds. Appellant contends that he was subject to multiple prosecutions in violation of Penal Code section 654. We agree and reverse.

### FACTS

On April 7, 1971 a probation officer filed a petition in the juvenile court of Santa Barbara County alleging that appellant had committed armed robbery. (Pen. Code, § 211a.) On April 8 the court ordered him detained in custody where he has remained throughout the subsequent proceedings. A hearing on the petition was set for April 21. (Welf. & Inst. Code, § 602.) Late in the afternoon of April 20, the day before the hearing, the same probation officer filed an amended petition to include an allegation that appellant had been an accessory in the same robbery. (Pen. Code, § 32.) The probation officer subsequently testified that prior to filing the initial petition on April 7 he possessed a police report written by the officer who had arrested appellant.

At the start of the hearing on April 21 objection was made to hearing the amended petition on the ground that appellant needed more time to prepare a defense to the additional allegation of the amended petition. In reply the prosecutor advised the court that the two allegations involved basically the same facts and circumstances. The court, however, sustained appellant's objection. Counsel for appellant also argued that the doctrine of former jeopardy would prohibit the subsequent filing of another petition. A hearing was held, nevertheless, on the original petition only and on April

23 the court found as untrue the allegation that appellant had committed the robbery.

On April 29 the same probation officer filed a new petition alleging that appellant had been an accessory in the same robbery. (Pen. Code, § 32.) This petition was heard and on May 21 the court found as true the allegation that appellant had been an accessory to the robbery.

The same witnesses testified against appellant at the hearings of each petition and gave essentially the same testimony. Briefly, the facts of the robbery were as follows:

At approximately 10 p.m. on April 5, 1971, a Santa Barbara police officer drove to Franco's Market in Santa Barbara in response to a radio report that an armed robbery had just occurred there. The report contained a detailed description of the robber. The officer saw appellant and a male companion, Michael Coffey, sitting in a car that was parked a block from the market. They appeared nervous and the officer stopped to investigate.

The officer asked appellant and Coffey whether there had been anyone else with them or whether they had seen anyone running away in the area. Both said that there had not been anyone else with them and that they had not seen anyone running away. These answers were not true. Coffey later testified that he, appellant and a third person, Joe Ramirez, had stopped their car near Franco's Market. Ramirez got out of the car and Coffey saw him walk toward the market. Just before the police officer arrived, Coffey had seen Ramirez run by. Ramirez was carrying a sack and told his two companions to run.

After questioning appellant and Coffey, the officer took them to the market. The proprietor stated that neither had been the robber, and they were released. After leaving, appellant and Coffey discussed the fact that Ramirez had robbed the market.

Shortly thereafter the officer saw appellant and Coffey sitting in the back seat of another car. Ramirez was between them. The officer stopped the car. He found a gun and items belonging to Franco's Market in the car[1] and arrested the occupants.

## Discussion

Appellant contends that he was subject to multiple prosecution in violation of Penal Code section 654.[2] We agree. ■ Where the prosecutor is

---

[1] The discovery of these items is not an issue on this appeal.

[2] Penal Code section 654 provides, in pertinent part: "[A]n acquittal . . . under [any provision of this code] bars a prosecution for the same act . . . under [any other provision of this code]."

or should be aware of more than one offense in which the same act or course of conduct plays a significant part, Penal Code section 654 requires him to prosecute all such offenses in a single proceeding unless joinder is prohibited or severance is permitted for good cause. (See *Kellett* v. *Superior Court,* 63 Cal.2d 822, 827 [48 Cal.Rptr. 366, 409 P.2d 206].) Failure to unite all such offenses will result in a bar to subsequent prosecutions of any offense omitted regardless of whether the initial proceedings culminate in acquittal or conviction. (*Id.* at p. 827.)

■ We recognize that a juvenile delinquency proceeding involving the possibility of a substantial loss of freedom is only quasi-criminal in nature. (See *Joe Z.* v. *Superior Court,* 3 Cal.3d 797, 801 [91 Cal.Rptr. 594, 478 P.2d 26].) All of the protections accorded a defendant in a criminal trial, therefore, do not necessarily apply to a minor in such a juvenile delinquency proceeding. (See *McKeiver* v. *Pennsylvania,* 403 U.S. 528, 533 [29 L.Ed.2d 647, 654, 91 S.Ct. 1976]; *In re Daedler,* 194 Cal. 320, 332 [228 P. 467].) Nevertheless we believe that Penal Code section 654 applies to such a juvenile proceeding to forbid the multiple initiation of petitions for the same act or course of conduct.[3]

While we have found no directly applicable authority, the Arnold-Kennick Juvenile Court Law (Welf. & Inst. Code, §§ 500-945) indicates a legislative intent to avoid extended and piecemeal proceedings. For instance, Welfare and Institutions Code section 606 provides that where a petition has been filed with the juvenile court, the minor who is the subject of the petition shall not thereafter be subject to criminal prosecution based on the same facts that gave rise to the petition unless the juvenile court finds that the minor is not a fit and proper subject to be dealt with under

---

[3]Welfare and Institutions Code section 602 at the time of these proceedings provided in part that any person under the age of 21 who violated any state criminal law was within the jurisdiction of the juvenile court, which might adjudge such person a ward of the court. Welfare and Institutions Code section 650 provided in part that a proceeding in the juvenile court to declare a minor a ward of the court, was commenced by the probation officer filing a petition with the court.

We are aware that the first clause of Penal Code section 654, which bans multiple punishment for the same offense, has been held to be inapplicable to juvenile delinquency proceedings by virtue of Welfare and Institutions Code section 1700. (See *People* v. *Wheeler,* 271 Cal.App.2d 205, 209 [76 Cal.Rptr. 842]; *People* v. *Stevenson,* 275 Cal.App.2d 645, 650-653 [80 Cal.Rptr. 392].) This is because the purpose of the Youth Authority Act (Welf. & Inst. Code, §§ 1700-1905) is to provide for correction and rehabilitation of youthful offenders rather than to provide for their punishment.

The second clause of Penal Code section 654 which bans multiple prosecutions, however, is separate and distinct from its first clause prohibiting multiple punishment. (See *Kellett* v. *Superior Court, supra,* 63 Cal.2d 822, 825.) In view of the different policy considerations underlying the Youth Authority Act and the Juvenile Court Law (Welf. & Inst. Code, §§ 500-945), we believe that a different rule of applicability should obtain as regards juvenile delinquency proceedings.

the Juvenile Court Law. Moreover, several other sections of the Welfare and Institutions Code[4] indicate the Legislature's desire for a speedy adjudication of juvenile matters in order to minimize the minor's exposure to the potentially harmful effects of a quasi-criminal proceeding and to minimize his detention during such a proceeding. (See 3 Witkin, Summary of Cal. Law (7th ed. 1969 Supp.) § 138A, p. 1364; § 180A, p. 1405.) These policies would be frustrated by permitting the piecemeal initiation of petitions. We therefore hold the proscription against multiple prosecution of Penal Code section 654 to be applicable to juvenile proceedings.

The record is plain that the allegation that appellant robbed Franco's Market and the allegation that he was an accessory to the robbery were based on the same course of conduct. Separate hearings were held on each of the allegations and the same witnesses testified to essentially the same facts at each of the hearings.

The prosecutor, representing the probation officer, should have become aware early in his investigation of the facts leading to the filing of the initial petition that appellant's course of conduct might involve him as an accessory as well as a principal in the robbery. The probation officer testified that prior to the filing of the original petition he possessed the arrest report of the police. At the hearing of the first petition the prosecutor, in response to objection to hearing this petition in its amended form, advised the court that the allegations of the original petition and those of the amended petition involved basically the same facts and circumstances.

It is true that the prosecutor and the probation officer attempted to have both allegations considered at the first hearing on April 21 and that the court heard evidence on the first allegation only to give appellant more time to prepare a defense to the second allegation. Under the circumstances related, however, it cannot be said either that joinder of the two allegations was prohibited or that good cause existed for severing them. (See *Kellett* v. *Superior Court, supra*, at p. 825.) A continuance of a week to hear the amended petition would have been possible. (See Welf. & Inst. Code, § 657.)

The same considerations against unreasonable harassment of criminal

[4]Welfare and Institutions Code section 630 provides in pertinent part: "If the probation officer determines that the minor shall be retained in custody, he shall *immediately file a petition* . . . with the clerk of the juvenile court who shall set the matter for hearing . . . ." (Italics added.)

Welfare and Institutions Code section 631 provides in pertinent part: "Whenever a minor . . . is taken into custody . . . such minor shall be released *within 48 hours* . . . excluding nonjudicial days, *unless within said period of time a petition to declare him a ward or dependent child has been filed* . . . ." (Italics added.)

See also Welfare and Institutions Code sections 628, 632, 636, 652, 653, 657.

defendants by unnecessary multiple prosecutions and waste thereby of government money in such multiple prosecutions apply to multiple proceedings against juvenile delinquents. ■ In addition, we have as well in the latter situation the conflict of such procedure with the basic policies of the Juvenile Court Law. These are expeditious handling of all formal proceedings and the minimization of detention of the minor incident to them.

The order of recommitment to the California Youth Authority is reversed.

Schweitzer, Acting P. J., and Allport, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 23, 1972.