170 Cal.App.4th 1339 (2009)
In re R.L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
R.L., Defendant and Appellant.
No. A120821.
Court of Appeals of California, First District, Division Three.
February 5, 2009.
CERTIORARI FOR PARTIAL PUBLICATION.[*]
*1341 Jenny Huang, Candace Chen and Justice First for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
SIGGINS, J.
This is a juvenile delinquency case. Following R.L.'s admission of an allegation that he unlawfully possessed a "billy" club, the prosecutor amended the juvenile petition to allege additional charges against him, including assault with a deadly weapon by means of force likely to produce great bodily injury. R.L. admitted the additional allegation of assault with a deadly weapon and the remaining allegations were dismissed. In this appeal, R.L. argues the juvenile court erred when it denied his motion to dismiss the amended petition brought under Penal Code[1] section 654, and the holding of Kellett v. Superior Court (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206] (Kellett). In the published portion of this opinion, we conclude the prosecutor did not violate section 654's bar to multiple prosecutions or the rule in Kellett because proceedings on the first petition were not yet concluded when the amended petition was filed. R.L. also contends the court failed to specify whether his offenses were misdemeanors or felonies, as required by Welfare and Institutions Code section 702. We agree and remand for that purpose. On remand, we also direct the juvenile court to determine whether section 654's prohibition of multiple punishments limited R.L.'s possible maximum term of commitment.

FACTUAL AND PROCEDURAL BACKGROUND
R.L. was already a ward of the court when an October 26, 2007, petition alleged that he unlawfully possessed a "billy" club. R.L. admitted the allegation on October 29, and was referred for evaluation by the probation department. When the court took R.L.'s admission, the prosecutor stated, "for the record there ha[ve] been no promises regarding any further findings or filings based on incidents related to this event."
*1342 On November 1, the prosecutor filed an amended petition that alleged R.L. committed four additional offenses on the same day as the "billy" offense, including assault with a deadly weapon and by means of force likely to produce great bodily injury.[2] R.L. moved to dismiss the amended petition as barred under section 654 and the rule in Kellett. He argued that the prosecutor knew or should have known about the basis for the additional charges against R.L. before he admitted the "billy" offense. The prosecution argued that the amended petition was based on supplemental police reports received by the district attorney after R.L. admitted the "billy" offense, and involved criminal conduct that was not transactionally related to the "billy" offense. The court denied R.L.'s motion to dismiss on the basis that the amended petition was justified due to new evidence the prosecutor received from the police.[3]
The parties thereafter reached a negotiated disposition in which R.L. agreed to admit the assault count in exchange for dismissal of the remaining charges. At the dispositional hearing, R.L. was continued as a ward on probation in the home of his grandmother, with various terms and conditions. His remaining maximum time of confinement was computed to be 56 months six days, based on his admitted offenses and a prior misdemeanor vandalism. R.L. timely appealed.

DISCUSSION

A. Section 654's Proscription Against Multiple Prosecutions

(1) Section 654 provides, in relevant part: "An acquittal or conviction and sentence under any one [provision of law] bars a prosecution for the same act or omission under any other." In Kellett, our Supreme Court held that when "the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited *1343 or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (Kellett, supra, 63 Cal.2d at p. 827.) The Kellett rule applies to juvenile proceedings. (See, e.g., In re Dennis B. (1976) 18 Cal.3d 687, 692-696 [135 Cal.Rptr. 82, 557 P.2d 514]; In re Benny G. (1972) 24 Cal.App.3d 371, 375-377 [101 Cal.Rptr. 28].)
(2) The Attorney General argues that section 654 and Kellett were not violated in this case because R.L. "was not convicted and sentenced for the `billy' offense when he was charged with the amended offenses."[4] As the Attorney General points out, "the dispositional hearing for the `billy' offense did not occur until after the amended charges were resolved by [R.L.'s] admission and were included in that disposition." (See People v. Hartfield (1970) 11 Cal.App.3d 1073, 1080 [90 Cal.Rptr. 274] ["under [section 654], successive prosecution is only prohibited after conviction and sentence"].) While "`conviction' and `sentence' are terms of art not generally applicable to juvenile proceedings," we agree with the Attorney General's suggestion that "[u]nder juvenile rules, the sustaining of charges after a jurisdictional hearing . . . would be equivalent to an adult conviction, and the dispositional hearing would be equivalent to an adult sentencing." R.L. would have us disregard the sentencing prong of section 654 and Kellett because "whether [he] was `sentenced' at the time the amended charges were filed is not applicable here because this was a juvenile proceeding." We will not do so.
(3) The dispositional phase of a juvenile delinquency proceeding is the functional equivalent of criminal sentencing. Although it may not be retributive, just as in a criminal case, punishment is an authorized objective of a juvenile court dispositional order. (In re Josh W. (1997) 55 Cal.App.4th 1, 8 [63 Cal.Rptr.2d 701].) (4) Accordingly, the bar of section 654 was not violated in this case because, even though R.L. had admitted to the "billy" charge, when the petition was amended he was still awaiting disposition of the "billy" charge and the proceedings had not concluded.
Our result is consistent with the purpose of section 654 to prevent harassment of persons accused of crimes after they have been acquitted or received a sentence with which the prosecutor was not satisfied. (See, e.g., *1344 Kellett, supra, 63 Cal.2d at pp. 825-826 [were double punishment permissible, "[i]t would constitute wholly unreasonable harassment . . . to permit trials seriatim until the prosecutor is satisfied with the punishment imposed"]; In re Benny G., supra, 24 Cal.App.3d at pp. 376-377 [minor's exoneration on robbery charge barred subsequent petition that alleged he was an accessory to the robbery]; cf. People v. Hartfield, supra, 11 Cal.App.3d at p. 1073 [purpose of § 654's rule against multiple prosecution would not be served when there was no harassment of defendant].) Section 654 does not bar all successive prosecutions, only those that follow an acquittal or a conviction and sentence. (See § 654; Kellett, supra, at p. 827; People v. Hartfield, supra, at p. 1080.)
R.L. was neither acquitted, nor had he received a disposition which was equivalent to a sentence before the amended petition was filed. Thus, section 654's proscription of multiple prosecutions had no application to his case, and we need not address the parties' additional arguments regarding whether an exception to the Kellett rule applied here because the prosecutor was "`"`unable to proceed on the more serious charge[s] at the outset because the additional facts necessary to sustain th[ose] charge[s had] not occurred or [had] not been discovered despite the exercise of due diligence.'"'" (People v. Davis (2005) 36 Cal.4th 510, 558 [31 Cal.Rptr.3d 96, 115 P.3d 417].)[5]
B., C.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*1345 DISPOSITION
The case is remanded to allow the juvenile court to consider whether punishment for both offenses is barred by section 654, and to declare whether each of R.L.'s offenses is a misdemeanor or a felony, as required by Welfare and Institutions Code section 702 and the California Rules of Court. The court shall recalculate the maximum period of confinement as necessary in accordance with its determinations. The court's orders are otherwise affirmed.
Pollak, Acting P. J., and Jenkins, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts B. and C.
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] The other allegations were two counts of misdemeanor vandalism and one burglary. The petition was later amended to allege the vandalism counts were felonies rather than misdemeanors.
[3] None of the police reports is in the record, nor does it appear they were admitted in evidence or shown to the court during the hearing on the Kellett motion. According to the parties' arguments in the juvenile court, R.L. was detained by police officers who saw him running with a baseball bat near the site of a reported altercation involving several young Hispanic males. Other officers later interviewed witnesses who saw R.L. enter the garage of the victim, where R.L. was present while his associate hit the victim and damaged his car. Another car parked nearby was also vandalized after R.L. and his associates fled from the garage.
[4] Although R.L. contends this argument was waived because it was not made below, the briefs of both parties address it on the merits and it raises a question of law that we will consider in this appeal. (See Francies v. Kapla (2005) 127 Cal.App.4th 1381, 1386 [26 Cal.Rptr.3d 501].)
[5] The prosecutor's remarks at the hearing when R.L. admitted the "billy" allegation indicate the prosecutor was aware that additional charges might be filed at the time he elected to proceed with the initial petition, and the People conceded that the police investigation of the incident was completed "within a couple of hours of the incident" even though the prosecutor said he did not receive the supplemental police reports until much later. We in no way condone the prosecution's conduct. It appears to undermine the policies behind section 654, and would arguably violate the Kellett rule if the bar against multiple prosecution were triggered in this case. (See Kellett, supra, 63 Cal.2d at p. 828 ["it has always been necessary for prosecutors carefully to assess the seriousness of a defendant's criminal conduct before determining what charges should be prosecuted against him"]; see also In re Johnny V. (1978) 85 Cal.App.3d 120, 141-142 [149 Cal.Rptr. 180] [§ 654 applied in case where "the prosecutor made a deliberate choice of continuing with the adjudicatory hearing . . . [and] clearly should have known of the two possible offenses"].) While we condone neither the prosecutor's haste on the "billy" charge nor the possible delay in amending the petition, these actions did not trigger a violation of section 654.
[*] See footnote, ante, page 1339.