Filed 10/9/19 Modified and Certified for Publication 11/8/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SAQIB ASLAM,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Respondent;<br><br>THE PEOPLE,<br><br>        Real Party in Interest. | A156628<br><br>(San Francisco City & County Super. Ct. No. 228069) |

A jury convicted defendant Saqib Aslam of offering a false document in violation of Penal Code[1] section 115 but acquitted him of perjury under section 118. After trial, the trial court vacated the section 115 conviction on the ground that the prosecution should have charged defendant with violating a more specific statute, Vehicle Code section 20, and allowed the prosecution to amend the information to add that charge. We now decide whether the prosecution of defendant under the more specific statute violates double jeopardy protections or the statutory bar against successive prosecutions. On the facts here presented, we conclude it violates neither and will deny defendant's petition for writ of prohibition or mandate.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

1

## BACKGROUND

In April 2016, the prosecution charged defendant with one count of offering a false document (§ 115, subd. (a)), and one count of perjury (§ 118, subd. (a)), both felonies. Both charges were based on defendant's alleged submission of a Department of Motor Vehicles (DMV) "Request for Confidentiality" form, which falsely stated that defendant's brothers were his children. A jury convicted defendant of offering a false document, but acquitted him of perjury.

Following trial, defendant moved to vacate his section 115 conviction, arguing that under *In re Williamson* (1954) 43 Cal.2d 651 (*Williamson*), the prosecution was required to charge defendant under Vehicle Code section 20, a more specific statute that makes it a misdemeanor to knowingly make a false statement in a document filed with the DMV. (See *People v. Murphy* (2011) 52 Cal.4th 81, 86 ["Under the *Williamson* rule, if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute"].) The court agreed that *Williamson* applied and that the prosecution therefore should have charged defendant with violating Vehicle Code section 20. The court allowed the prosecution to add a count under Vehicle Code section 20 to the information, then vacated the section 115 conviction.[2]

Defendant moved to dismiss the Vehicle Code section 20 count, arguing it was charged beyond the five-year limitations period in Vehicle Code section 40004. The trial court denied defendant's motion. Defendant raised the same statute of limitations argument in a prior writ petition, which we denied. Defendant petitioned for review in the Supreme Court. The Supreme Court denied the petition for review, but did so "without prejudice to petitioner raising a claim pursuant to *Kellett v. Superior Court* (1966) 6[3] Cal.2d 822 [(*Kellett*)] in [the] superior court."

---

[2] Defendant did not contest the prosecution's ability to amend the information to add the Vehicle Code section 20 count. Nor has defendant argued in this writ proceeding that the amendment was impermissible.

2

In the trial court, defendant moved to dismiss the Vehicle Code section 20 count. Defendant argued that the constitutional protection against double jeopardy prohibited prosecution under Vehicle Code section 20 because Vehicle Code section 20 is a lesser included offense of perjury, a crime for which he had already been acquitted. Defendant also argued that prosecution under Vehicle Code section 20 contravened the Supreme Court's decision in *Kellett*, a case interpreting section 654's prohibition against successive prosecutions of offenses. (*Kellett*, *supra*, 63 Cal.2d at p. 827.) The trial court rejected both arguments and denied the motion.

Defendant filed the instant petition for writ of prohibition or mandate, arguing, as he did in the trial court, that further prosecution of the Vehicle Code section 20 count violates both double jeopardy principles and section 654, as interpreted by *Kellett*. After receiving preliminary briefing from the parties, we issued an order to show cause.

## DISCUSSION

### I.   Double Jeopardy

We begin with defendant's argument that the constitutional protections against double jeopardy prohibit prosecution of the Vehicle Code section 20 count because it is a lesser included offense of perjury.

The double jeopardy clauses of the United States and California Constitutions ensure a person shall not be placed twice "in jeopardy" for the same offense. (U.S. Const., 5th Amend; Cal. Const., art I, § 15.) As relevant to this case, the proscription against double jeopardy "protects persons from being consecutively charged with violation of the same law or violation of laws so related that conduct prohibited by one statute is necessarily included within conduct prohibited by the other." (*In re Dennis B.* (1976) 18 Cal.3d 687, 691.) Section 1023 codifies the prohibition against consecutively charging included offenses, stating: "When the defendant is convicted or acquitted or has been once placed in jeopardy upon an accusatory pleading, the conviction, acquittal, or jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading, . . . *or for an offense necessarily included therein*, of which he might have been

3

convicted under that accusatory pleading." (§ 1023, italics added; see also *People v. Fields* (1996) 13 Cal.4th 289, 305–306 [explaining that section 1023 implements the "doctrine of included offenses"].)

Defendant's assertion that Vehicle Code section 20 is a lesser included offense of perjury is based on the so-called "accusatory pleading test." The accusatory pleading test "looks to whether ' " 'the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified [some] lesser offense is necessarily committed.' " ' " (*People v. Montoya* (2004) 33 Cal.4th 1031, 1035.) Defendant explains that in the original accusatory pleading, the prosecution charged him with perjury for making a false statement on a DMV "Request for Confidentiality" form. This same conduct served as the basis for the subsequent Vehicle Code section 20 count. Based on the language setting forth the charges against him, defendant contends the newer Vehicle Code section 20 count must be deemed included in the original perjury count.

The flaw in defendant's argument is that the accusatory pleading test does not apply to a double jeopardy analysis. Rather, the "appropriate yardstick" for determining if an offense is included in another for double jeopardy purposes is the "elements test," which is based on a statutory comparison of the elements for both crimes. (*People v. Scott* (2000) 83 Cal.App.4th 784, 795–796; see also *People v. Spicer* (2015) 235 Cal.App.4th 1359, 1371 [elements test, not accusatory pleading test, applies to double jeopardy analysis]; *United States v. Dixon* (1993) 509 U.S. 688, 696 [elements test, which "inquires whether each offense contains an element not contained in the other," applicable to double jeopardy analysis].) Under the elements test, "if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former." (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.)

As applied here, the elements test reveals that Vehicle Code section 20 is not an included offense of perjury because each offense, as defined by statute, contains an element the other does not. Section 118, subdivision (a) defines perjury as willfully

stating under oath or penalty of perjury any material matter which a person knows to be false.  (§ 118, subd. (a).)  Vehicle Code section 20 makes it a misdemeanor to knowingly make any false statement or knowingly conceal any material fact "in any document filed with the Department of Motor Vehicles."  (Veh. Code, § 20.)  Based on these statutory definitions, the perjury statute requires a statement made under oath or penalty of perjury, but does not require that the statement be made in a document filed with the DMV.  Vehicle Code section 20, by contrast, does not require that a statement be made under oath or penalty of perjury, but does require that the statement be provided to the DMV.  For double jeopardy purposes, they are separate offenses.

Defendant relies on *People v. Story* (1985) 168 Cal.App.3d 849 to support his argument that we should apply the accusatory pleading test.  In *Story*, a defendant convicted of perjury argued on appeal that the trial court erred in failing to sua sponte instruct the jury on Vehicle Code section 20, which defendant claimed was a lesser included offense.  (*Id.* at p. 854.)  Applying the accusatory pleading test, the appellate court concluded that Vehicle Code section 20 was included in the perjury offense "in this case," though ultimately the court found no error in the trial court's failure to instruct on Vehicle Code section 20 because the evidence showed that, if guilty at all, the defendant committed the greater crime of perjury.  (*Ibid.*)

Defendant's reliance on *Story* is misplaced because *Story* involved a different issue—a trial court's sua sponte duty to instruct a jury on an uncharged crime.  The accusatory pleading test is appropriate in that situation, as the test "arose to ensure that defendants receive notice before they can be convicted of an uncharged crime."  (*People v. Reed*, *supra*, 38 Cal.4th at p. 1229.)  But the test has little utility in double jeopardy cases such as this one where the issue is not lack of notice of an uncharged offense, but whether a *charged* offense is "necessarily included within conduct" prohibited by a previously *charged* offense.  (*In re Dennis B.*, *supra*, 18 Cal.3d at p. 691.)  "[T]he accusatory pleading test has nothing to do with double jeopardy principles or section 1023, each of which applies when 'a given crime, by definition, *necessarily and at all*

5

*times* is included within another one.' " (*People v. Scott*, *supra*, 83 Cal.App.4th at p. 796.)

Our conclusion is further supported by the Supreme Court's decision in *People v. Reed*, *supra*, 38 Cal.4th 1224 where the Court declined to apply the accusatory pleading test to the judicially created rule that prohibits multiple convictions based on necessarily included offenses charged in the same case. (*Id* at p. 1227.) The court explained that a test designed to ensure notice of an uncharged offense "has no relevance to deciding whether a defendant may be convicted of multiple charged offenses." (*Id.* at p. 1229.) " '[I]t makes no sense to look to the pleading, rather than just the legal elements, in deciding whether conviction of two charged offenses is proper. Concerns about notice are irrelevant when both offenses are separately charged.' " (*Id.* at pp. 1229–1230.) The Court's reasoning applies with equal force to the double jeopardy challenge raised in this matter, which, like *Reed*, concerns whether a charged offense is included in a separately charged offense.

In sum, prosecution of the Vehicle Code section 20 charge does not offend principles of double jeopardy.

## II.    Section 654 and *Kellett*

Separate from his double jeopardy argument, defendant argues that prosecution under Vehicle Code section 20 contravenes section 654's bar against successive prosecutions.

Section 654 provides, in relevant part: "An acquittal or conviction and sentence under any one [provision of law] bars a prosecution for the same act or omission under any other." (§ 654, subd. (a).) In interpreting section 654, the Supreme Court in *Kellett* stated that when "the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Kellett*, *supra*, 63 Cal.2d at p. 827.) The Court explained

6

that the successive prosecution bar is designed to prevent the needless harassment of a defendant and the waste of resources: "If needless harassment and the waste of public funds are to be avoided, some acts that are divisible for the purpose of punishment must be regarded as being too interrelated to permit their being prosecuted successively." (*Ibid.*) Section 654 is distinct from the double jeopardy principles described above, in that section 654 bars prosecution of a later-charged offense even if it is not necessarily included in an earlier offense. (See *id.* at p. 825, fn. 2.)

Defendant contends that section 654 and *Kellett* compel dismissal of the Vehicle Code section 20 count. Defendant explains he was prosecuted for perjury under section 118 based on an allegedly false document provided to the DMV. After a jury acquitted him of perjury, the prosecution charged him with violating Vehicle Code section 20 based on the same false document that formed the basis of the perjury count. According to defendant, "[g]iven that the initial proceedings culminated in an acquittal of the charge under P[enal] C[ode] section 118, the prosecution's 'failure to unite' a V[ehicle] C[ode] section 20 charge with the felony charges prior to trial bars a subsequent prosecution under V[ehicle] C[ode] section 20. To authorize such a prosecution at this juncture would produce the very 'needless harassment and the waste of public funds' that *Kellett* prohibits."

Defendant's argument ignores that he was prosecuted for a second offense—offering a false document in violation of section 115. Prosecution of that offense did not implicate section 654 and *Kellett* because it did not "culminate in either acquittal or conviction and sentence." (*Kellett*, *supra*, 63 Cal.2d at p. 827.) Petitioner certainly was not acquitted of violating section 115, as a jury *convicted* him of that offense before the trial court vacated the conviction under *Williamson*. (See *People v. Monterroso* (2004) 34 Cal.4th 743, 777 [acquittal requires disposition based upon a determination of the merits]; *United States v. Scott* (1978) 437 U.S. 82, 97 [acquittal requires resolution in defendant's favor " 'of some or all of the factual elements of the offense charged' "].) And although a jury convicted defendant of violating section 115, the trial court never sentenced him. Since defendant was neither acquitted nor convicted and sentenced under

7

section 115, section 654 did not prohibit the prosecution from charging defendant with violating Vehicle Code section 20 to replace the section 115 count.

The jury's acquittal of defendant in a separately charged count for perjury did not affect the prosecution's ability to prosecute defendant under Vehicle Code section 20. In *People v. Tideman* (1962) 57 Cal.2d 574 (*Tideman*), our Supreme Court explained that "[i]n a single criminal action (pleading any number of counts), no plea of guilty to, or order of dismissal or acquittal of, any separately pleaded offenses, included or otherwise, will bar the progress of that prosecution as to the other counts. The prosecution on such other counts may continue until each, on its own merits, has been severally and finally disposed of by bringing the defendant to conviction and sentence or to acquittal." (*Id.* at p. 583.) Applying this canon to the case before it, the Court in *Tideman* concluded that double jeopardy principles did not bar the prosecution of a second charged crime after the defendant had pleaded guilty to the first crime charged in the same prosecution that arose from the same criminal act. (*Ibid.*) And although the Court was responding to Tideman's double jeopardy argument, it extended that reasoning to its analysis under section 654, holding that there would be no statutory bar to prosecution of the second charged crime because "there has been but one prosecution; i.e., a single criminal action." (*Id.* at p. 585.) *Tideman* compels us to conclude that the jury's acquittal on the perjury charge does not bar the prosecution of the false document charge, which was charged initially as a violation of section 115 in the same prosecution, then replaced with a violation of Vehicle Code section 20 based on *Williamson*.

To ignore *Tideman* and reach a contrary holding would create an anomalous result that is inconsistent with the purpose of section 654. Had the prosecution charged defendant at the outset only with filing a false document in violation of section 115, there is little dispute that the prosecution, facing an adverse *Williamson* ruling after trial, could have substituted in a Vehicle Code section 20 count without running afoul of section 654. That result should not change because the prosecution chose to join a charge for perjury, thereby furthering *Kellett*'s admonition that prosecutors should "unite" all offenses that are based on the "same act or course of conduct." (*Kellett*, *supra*, 63 Cal.2d at p. 827.)

8

The prosecution suffered the consequence of its *Williamson* violation when the trial court vacated the conviction on the felony section 115 count that was improperly charged. The prosecution's effort to comply with *Kellett* by joining the perjury charge should not now be used as a sword to impose a second consequence that prevents the prosecution from proceeding on the *Williamson*-compliant misdemeanor charge. In arguing that prosecution of the Vehicle Code section 20 charge is now barred, defendant effectively seeks to extract a double benefit from a single *Williamson* violation.

Although we have found no decision directly on point with this case, our conclusion finds support in cases holding that there was no section 654 violation in analogous circumstances. The result we reach is consistent with prior decisions allowing the prosecution to add new charges when the originally charged crimes had not culminated in either acquittal or a conviction and sentence. (See *In re R.L.* (2009) 170 Cal.App.4th 1339, 1342, fn. 2, 1344 [after juvenile admitted original charge of unlawfully possessing a "billy" club, section 654 did not preclude new charges for assault, vandalism, and burglary, since juvenile had not yet been sentenced on billy club charge]; *People v. Brown* (1973) 35 Cal.App.3d 317, 323 [after mistrial declared on multiple charged sex offenses, section 654 did not bar prosecution from recharging the same offenses, plus two new counts for unlawful sexual intercourse].) Our conclusion is also consistent with decisions holding that an acquittal or conviction and sentence on certain counts does not prohibit the prosecution of other offenses charged in the same case that have not culminated in an acquittal or conviction and sentence. (See *Tideman*, *supra*, 57 Cal.2d at p. 583; *People v. Simmons* (1978) 82 Cal.App.3d Supp. 1, 4–5 [citing *Tideman* to conclude that acquittal of battery count did not bar retrial of count for annoying or molesting a child following jury's inability to reach a verdict on that count].) Likewise, other cases have made clear that section 654's " 'proscription against multiple prosecution does not apply where there has been but one prosecution, i.e., a single criminal action; it prohibits only a *subsequent* prosecution for the same act or omission, which, of course, means the filing and pressing of a new criminal action.' " (*People v. Solis* (2015) 232 Cal.App.4th 1108, 1124, quoting *People v. Seiterle* (1963) 59 Cal.2d

9

703, 712.)  Here, there was no "subsequent prosecution" within the meaning of section 654 and *Kellett*, as the Vehicle Code section 20 charge was added by amendment to the original information.[3]

The circumstances of this case are also distinguishable from decisions concluding that section 654 prohibits the prosecution from adding new charges after the offenses originally charged were dismissed based on insufficient evidence.  (E.g. *People v. Hamernik* (2016) 1 Cal.App.5th 412, 428 [dismissal of count for possession of a controlled substance based on insufficient evidence precluded retrial for attempted possession]; *Sanders v. Superior Court* (1999) 76 Cal.App.4th 609, 616–617 [appellate reversal on several counts of grand theft based on insufficient evidence precluded new charges for forgery and presenting a false or forged document].)  These cases come within the ambit of section 654 and *Kellett* because a dismissal or reversal based on insufficient evidence is tantamount to an acquittal.  (*Sanders*, at p. 616; accord *People v. Hatch* (2000) 22 Cal.4th 260, 272 ["an appellate court's ruling of legal insufficiency is functionally equivalent to an acquittal and precludes a retrial"].)[4]  Here, the section 115 count was not dismissed for insufficient evidence.  Rather, it was dismissed (following a conviction) based on a procedural error under *Williamson*.  Such a dismissal is not the equivalent of an acquittal.

---

[3] *Kellett*, by contrast, unquestionably involved a subsequent prosecution—a misdemeanor charge filed in municipal court on October 15, 1964, followed by a felony charge based on the same conduct filed in superior court on November 17, 1964. (*Kellett, supra,* 63 Cal.2d at p. 824.)

[4] For similar reasons, the Supreme Court's decision in *People v. Goolsby* (2015) 62 Cal.4th 360, is not dispositive.  In *Goolsby*, the Supreme Court held that reversal of a conviction for arson of an inhabited structure based on insufficient evidence did not preclude a new trial for arson of property, since the defendant was effectively charged with arson of property when the court instructed the jury on that offense.  (*Id.* at pp. 366–367.)  Although the Court in *Goolsby* concluded, as we do, that further prosecution did not violate section 654 and *Kellett*, *Goolsby* is not on point because the dismissal there was based on insufficient evidence, while the dismissal here was based on a procedural defect that did not amount to an acquittal.

10

Our conclusion that section 654 and *Kellett* do not require dismissal of the Vehicle Code section 20 count on these facts is also consistent with section 654's purposes of preventing the "needless harassment" of a defendant and the "waste of public funds." (*Kellett*, *supra*, 63 Cal.2d at p. 827.) The prosecution's erroneous decision to charge a general statute instead of a specific one in contravention of *Williamson* can be (and often is) corrected in the early stages of a case. (E.g. *People v. Jenkins* (1980) 28 Cal.3d 494, 498–499 [*Williamson* issue raised in motion to dismiss information]; *Hudson v. Superior Court* (2017) 7 Cal.App.5th 999, 1006 [*Williamson* issue raised in section 995 motion to set aside indictment].) Indeed, defendant could have raised the *Williamson* issue well before trial instead of waiting until after trial. A defendant's ability to identify and correct a *Williamson* issue early in a case mitigates the risk that the prosecution will harass a defendant and waste public resources by charging him with the wrong offense.

To conclude, neither double jeopardy principles nor section 654 bar the prosecution from prosecuting defendant for violating Vehicle Code section 20.

## DISPOSITION

The petition for writ of prohibition and/or mandate is denied. The stay issued by this court on March 14, 2019 shall expire as soon as this decision is final.

_____
BROWN, J.

WE CONCUR:


_____
POLLAK, P. J.


_____
STREETER, J.

*Aslam v. Superior Court for the City and County of San Francisco* (A156628)

11

POLLAK, P. J.

I concur in both the analysis and the conclusion reached in the lead opinion. Nonetheless, the conclusion is troubling. Defendant now faces trial on a misdemeanor charge based on the same conduct for which he was found not guilty of committing a felony offense. The logic of the decisions cited in the lead opinion compels this result, and I do not necessarily quarrel with the reasoning of those decisions. The problem, it seems to me, arises from the fact that defendant's contention that under *In re Williamson* (1954) 43 Cal.2d 651, for his alleged misconduct he could be charged only with violating Vehicle Code section 20 and not Penal Code section 115, was not raised until after a jury had found him guilty of violating Penal Code section 115. Had the contention been made before trial, when it was fully ripe for consideration and decision, this dilemma would never have arisen. Had the issue been raised pretrial and defendant correctly charged and tried for violating Vehicle Code section 20, at most there would have been seemingly inconsistent verdicts, as there in fact were under the charges that were tried. In that case the conviction would have been upheld under well-recognized principles. (E.g., *People v. Avila* (2006) 38 Cal.4th 491, 600.) But defendant would not have been forced to trial for the same conduct underlying a more serious charge on which he had already been acquitted.

In the writ proceedings before us, no party has questioned the correctness of the trial court's order setting aside the guilty verdict of violating Penal Code section 115 on the ground that defendant forfeited the contention by failing to assert it prior to trial. While subsequent decisions applying *In re Williamson* may not support such a contention (see, e.g., *People v. Murphy* (2011) 52 Cal.4th 81), I am not aware that the issue has ever been litigated and there may well be sound reasons for judicially adopting such a rule. The issue turns solely on the terms of the statutory provisions in question and therefore is susceptible to determination by a pretrial motion. The defendant should not get two bites at the apple by withholding the contention until learning the outcome of trial on the incorrectly charged offense. However, the question is not now before us. We are in no

1

position to address the issue in the current posture of this case, but I suggest the question is worthy of consideration if presented in future cases.

_____

POLLAK, P. J.

I CONCUR:

_____

STREETER, J.

Filed 11/8/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SAQIB ASLAM,<br><br>　　　Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　Respondent;<br><br>THE PEOPLE,<br><br>　　　Real Party in Interest. | A156628<br><br>(San Francisco City & County Super. Ct. No. 228069)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING, CERTIFYING OPINION FOR PUBLICATION; NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on October 9, 2019, be modified as follows:

On page 9, at the end of the first paragraph, after the sentence ending "a single *Williamson* violation," add as footnote 3 the following footnote, which will require renumbering all subsequent footnotes:

> [3] Defendant asserts the prosecution "intentionally" charged section 115 instead of Vehicle Code section 20, and suggests the prosecution knew from the outset that *Williamson* barred the section 115 charge. In our view, an equally (if not more) reasonable reading of the record is that the charging prosecutor believed, incorrectly, that charging section 115 was proper under *Williamson*. But even assuming petitioner is correct, we are aware of no authority holding or even suggesting that an "intentional" *Williamson* violation entitles a defendant to a complete dismissal, rather than prosecution under the *Williamson*-compliant offense.

There is no change in judgment.

1

The petition for rehearing is denied. Notably, the petition raises several arguments that were not raised either in the writ petition or with the trial court. (See *Midland Pacific Building Corp. v. King* (2007) 157 Cal.App.4th 264, 276 ["It is much too late to raise an issue for the first time in a petition for rehearing."].)

The opinion in the above-entitled matter was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

Date: _____          _____ P. J.

Trial Court:   San Francisco City & County Superior Court

Trial Judge:   Hon. Brendan Conroy

Counsel:

Riordan & Horgan, Dennis P. Riordan, Donald M. Horgan; Boersch & Shapiro, Boersch & Illovsky, Matthew Dirkes, for Petitioner.

No appearance for Respondent.

Xavier Becerra, Attorney General, Catherine Rivlin, Deputy Attorney General for Real Party in Interest.