[No. B045467. Second Dist., Div. Two. Mar. 4, 1991.]

In re ROBERT W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ROBERT W., Defendant and Appellant.

## COUNSEL

Clark, Blaylock & Clark and Dawn Clark Blaylock for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Keith H. Borjon and Joseph P. Furman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

GATES, J.—Robert W. appeals from the order continuing him as a ward of the juvenile court (Welf. & Inst. Code, § 602) following findings that he attempted a grand theft and provided false identification to a peace officer (Pen. Code, §§ 664/487, subd. 2, 148.9), as alleged in a petition filed August 22, 1989, and assaulted and robbed another using a handgun (Pen. Code, §§ 211, 245, subd. (a)(1), 12022.5), as alleged in a petition filed August 25, 1989. He was placed in the Community Camp Program, the court observing that should it ever be necessary to commit appellant to the Youth Authority the maximum theoretical time he might be confined was seven years, i.e., five years for robbery with a two-year enhancement for his use of a gun.   ■   He contends: "The trial court erred in convicting [*sic*] appellant of two distinct offenses [robbery and assault], thereby violating the rule barring multiple convictions [*sic*] based on included offenses."[1]

---

[1] As we have vainly pointed out in the past, "a minor is not charged with a crime, tried for a crime, nor convicted of a crime. [Citations.]" *In re Michael S.* (1983) 141 Cal.App.3d 814, 817 [190 Cal.Rptr. 585].

The facts supporting the several charges against appellant are neither challenged nor rationally susceptible to challenge. As to the August 25, 1989, petition, the subject of his present assignment of error, they established that on August 12, 1989, appellant and a companion shot at other youths in the course of stealing their property.

Appellant's contention is meritless since it is "but another example of the increasing tendency to blend and blur the criminal and juvenile systems without regard to their differing goals in a fashion that is a service to neither. [Fn. omitted.]" (*In re Michael S., supra*, 141 Cal.App.3d at p. 818.) Here, as in an unfortunate number of other instances, an inordinate amount of time and energy was expended by court and counsel below, and by the parties in their appellate briefs, discussing appellant's "sentence," although, of course, wards of the juvenile court are never subject to being "sentenced."

So long as the theoretical maximum length of a juvenile's potential confinement is not increased by the aggregation of his offenses (*In re Michael B.* (1980) 28 Cal.3d 548, 556, fn. 3 [169 Cal.Rptr. 723, 620 P.2d 173]), neither the considerations underlying Penal Code section 654 nor the prohibition against convicting adults of both greater and lesser offenses, is relevant. The state of "wardship" is a unitary condition, as is the state of "confinement." Consequently, the existence of so-called concurrent "terms" cannot possibly have any effect upon them. (*In re Billy M.* (1983) 139 Cal.App.3d 973, 978-979 [189 Cal.Rptr. 270].)

In addition, and in any event, at the time of every dispositional hearing juvenile court judges, hopefully, will be fully apprised of the full extent of the minor's conduct, both good and ill, regardless of how certain of his deeds may have been classified in the initiating petition or petitions. Moreover, they always retain jurisdiction to modify the conditions of a wardship, even following commitment to the Youth Authority. (Welf. & Inst. Code, § 779.)

The order continuing wardship is affirmed.

Roth, P. J., and Fukuto, J., concurred.

On March 27, 1991, the opinion was modified to read as printed above.