Filed 9/7/22  In re N.R. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re N.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>N.R.,<br><br>Defendant and Appellant. | F083419<br><br>(Super. Ct. No. 21JL-00063-A)<br><br>**OPINION** |

-ooOoo-

## THE COURT\*

APPEAL from orders of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Detjen, J. and Snauffer, J.

Minor N.R. admitted committing battery and vandalism, and the juvenile court found she also committed robbery. On appeal, she contends (1) battery is a lesser included offense of robbery, (2) she cannot have committed vandalism because the property she robbed the victim of became her own, and (3) her disposition violated Penal Code section 654.[1] We affirm.

## BACKGROUND

On May 11, 2021, 15-year-old minor entered a fast food restaurant with her mother and her friend, and started yelling at another female student (the victim), who was there eating with her boyfriend. The victim knew these people to be "very problematic, … very hyper and irritated," so she and her boyfriend left out the back door, attempting to avoid further conflict. But all three followed and minor continued to yell at the victim. They exchanged words, minor pushed the victim, and the victim threw her drink at minor. Then a fight ensued. The boyfriend tried to pull minor and the other two off the victim, then a restaurant employee came out and told them they could not fight there, so they all left. The victim called her mother to tell her what had happened. Her mother told her to go home and stay inside so she would not get hurt.

As the victim and her boyfriend walked home, a car full of people sped up to them and stopped. Minor's mother was driving. Minor, her mother, her sister, and several other people jumped out. Minor chased the victim, who had started running because of the aggressive behavior of minor's mother. Minor pushed the victim, yanked her backpack off, took her computer out of her backpack, and threw it onto the concrete, breaking the screen and destroying the computer. Then she took the victim's cell phone out of her backpack. Laughing, she told the victim she had her phone. She threw the phone on the concrete and then picked it up and took it with her. When a neighbor yelled that she was going to call the police, minor's mother got very upset and everyone started

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

to run.  They yelled, jumped back in the car, and drove away.  The victim picked up her computer and backpack and continued walking home.  Her cell phone was gone.  The next day, someone brought her phone to school, and then school personnel brought it to the victim's house.  The phone no longer worked.

On July 6, 2021, the Merced County District Attorney filed a juvenile wardship petition pursuant to Welfare and Institutions Code section 602, alleging that minor committed second degree robbery (§ 211; count 1), misdemeanor battery (§ 242; count 2), and misdemeanor vandalism (§ 594, subd. (a); count 3).

On September 9, 2021, minor admitted counts 2 and 3.  The juvenile court held a contested jurisdictional hearing on count 1 and found it true.  The court found minor to be a person described in Welfare and Institutions Code section 602.

On October 5, 2021, the juvenile court held a dispositional hearing.  The court adjudged minor a ward of the court and placed her in the custody of her mother under the supervision of a probation officer.  The court committed minor to the Bear Creek Academy short-term home commitment program.

On October 8, 2021, minor filed a notice of appeal.

## DISCUSSION

### I.     Lesser Included Offense

Minor contends battery is a lesser included offense of robbery under the accusatory pleading test, and therefore the true finding on the battery count cannot stand.[2]  We disagree.

Two tests are used to determine "whether a crime is a lesser included offense of a greater offense:  the [statutory] elements test and the accusatory pleading test."  (*People*

---

[2]     We note that minor admitted committing battery; the juvenile court merely accepted her admission.

Minor also states that vandalism is a lesser included offense of robbery, but she offers no argument whatsoever on this subject.

3.

*v. Gonzalez* (2018) 5 Cal.5th 186, 197.) "Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 117.) Under the accusatory pleading test, we "determine whether the accusatory pleading describes the crime in such a way that if committed in the manner described the lesser must *necessarily* be committed. [Citation.] The evidence actually introduced at trial is irrelevant to the determination of the status of an offense as lesser included." (*People v. Wright* (1996) 52 Cal.App.4th 203, 208 (*Wright*).)

Robbery is "the felonious taking of personal property in the possession of another, from his [or her] person or immediate presence, and against his [or her] will, accomplished by means of force *or* fear." (§ 211, italics added.) Battery is "any willful and unlawful use of force or violence upon the person of another." (§ 242.) Battery requires the use of physical force against another and cannot be accomplished without touching the victim. (*People v. Marshall* (1997) 15 Cal.4th 1, 38.) Robbery, on the other hand, requires *either* force or fear, and can be committed by frightening the victim into surrendering his or her property without any physical contact. Thus, it is well settled that battery (like assault) is not a lesser included offense of robbery under the statutory elements test. (*People v. Tufunga* (1999) 21 Cal.4th 935, 949; see *People v. Parson* (2008) 44 Cal.4th 332, 349 [assault is not a lesser included offense of robbery under the statutory elements test because robbery can be committed strictly by means of fear]; *People v. Wolcott* (1983) 34 Cal.3d 92, 100 [same].)

As for the accusatory pleading test, *Wright*, *supra*, 52 Cal.App.4th 203 is instructive here. *Wright* addressed the similar question whether assault[3] is a lesser

---

[3]     Assault is "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.)

included offense of robbery and answered it in the negative. The court determined that the "force" required for robbery is broadly defined and does not require the actual application of physical force. (*Wright*, at p. 210, fn. omitted.) We will explain the court's reasoning in more detail.

In *Wright*, the defendants were convicted of first degree murder in the course of a robbery. (*Wright*, *supra*, 52 Cal.App.4th at p. 205.) They were charged with robbery and attempted robbery by means of " 'force *and* fear.' " (*Id.* at pp. 209–210.) "Thus, *as charged* [i.e., in the conjunctive], the robbery and attempted robbery were *necessarily* accompanied by force." (*Id.* at p. 210.)

The court considered the meaning of "force" in the context of robbery: "Courts have recognized that the 'force' required for robbery is not necessarily synonymous with a physical corporeal assault. [Citation.] … When *actual* force is present in a robbery, at the very least it must be a quantum more than that which is needed merely to take the property from the person of the victim, and is a question of fact to be resolved by the jury taking into account the physical characteristics of the robber and the victim. [Citations.] The force need not be applied directly to the person of the victim. [Citation.] If 'force' for purposes of robbery meant no more than the direct (or indirect) application of physical might to the person of the victim, then we would agree that an assault is necessarily included any time a prosecutor alleges a robbery was committed by means of force. 'Force,' however, has a broader meaning.

"Generally, 'the force by means of which robbery may be committed is either actual or constructive. The former includes all violence inflicted directly on the persons robbed; the latter encompasses all … means by which the person robbed is put in fear sufficient to suspend the free exercise of … will or prevent resistance to the taking.' [Citation.] This 'constructive force' means 'force, not actual or direct, exerted upon the person robbed, by operating upon [a] fear of injury ….' " (*Wright*, *supra*, 52 Cal.App.4th at p. 211, fn. omitted.)

5.

The court continued: "As we have noted, 'force' is not an element of robbery independent of 'fear'; there is an equivalency between the two. ' "[T]he coercive effect of fear induced by threats … is in itself a form of force, so that either factor may normally be considered as attended by the other." ' [Citation.] [¶] Thus, in a case where the information pled robbery in the conjunctive and the defendant claimed there was insufficient evidence of both elements, we held that pointing a handgun at a victim and demanding money is direct evidence of force and is 'inferably' evidence of the victim's fear. [Citation.] Notably absent from this statement of the evidence supporting the implied finding of force is any indication of an attempt to apply physical force rather than frighten, or any indication the handgun was loaded (and thus had the present ability to apply force when used as a gun).

"Since the element of force can be satisfied by evidence of fear, it is possible to commit a robbery by force without necessarily committing an assault. Consequently, under the 'accusatory pleading' test, assault is not necessarily included when the pleading alleges a robbery by force." (*Wright*, *supra*, 52 Cal.App.4th at p. 211.)

We are persuaded by the reasoning in *Wright* and conclude it applies here, where the accusatory pleading (the Welf. and Inst. Code, § 602 petition) alleged that minor committed robbery "by force and fear." Because the element of force can be satisfied by evidence of fear, it is possible to commit a robbery without necessarily committing a battery. Consequently, battery is not a lesser included offense of robbery under the accusatory pleading test, even though the robbery allegation included force. (See *Wright*, *supra*, 52 Cal.App.4th at p. 211.)

## II. Vandalism

In a claim that strains credulity, minor contends that after she robbed the victim of her backpack, computer, and cell phone, that property was no longer the victim's (it was minor's) and therefore minor could not have vandalized it because it was her own

6.

property to destroy.[4] She complains that the true finding on this count (which she admitted) is "unjust" because she completed the robbery before she destroyed the property. Minor offers no legitimate argument to support this contention, presumably recognizing its absurdity. And we need not address it either, other than to say the obvious: Minor did not become the rightful owner of the property when she yanked it off the victim's person. Second, minor *admitted* the vandalism allegation and therefore admitted every element of the crime, including that the property was not her own. Her claim fails.

## III.    Section 654

Lastly, minor contends her disposition violates section 654 because all three of her offenses were part of the same course of conduct.[5] We agree with the People that section 654 does not apply here.

When a minor is *removed* from the physical custody of his or her parent or guardian as a result of criminal violations sustained under Welfare and Institutions Code section 602, the juvenile court must specify a maximum period of confinement. (Welf. & Inst. Code, § 726, subd. (d)(1).) When the court elects to calculate the maximum period of confinement by aggregating the periods of physical confinement on multiple counts and/or multiple petitions (Welf. & Inst. Code, § 726, subd. (d)(3)), section 654's prohibition against multiple punishment applies to this determination. (*In re Billy M.* (1983) 139 Cal.App.3d 973, 978; *In re Robert W.* (1991) 228 Cal.App.3d 32, 34.)

However, when a minor is *not* removed from parental custody but placed on probation in the custody of a parent, the juvenile court lacks the authority to set a

---

**4**     Vandalism is a person's defacement or destruction of "property not his or her own ...." (§ 594.)

**5**     Section 654 precludes multiple punishment for a single act or indivisible course of conduct that violates different provisions of law. (§ 654, subd. (a); *People v. Rodriguez* (2009) 47 Cal.4th 501, 507.)

maximum period of confinement.  (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541.) And because no maximum period of confinement is set, section 654 does not apply. Here, the court placed minor on probation in the custody of her mother; the court did not remove minor or specify a maximum period of confinement.  Thus, section 654 is not applicable to this case.

## DISPOSITION

The findings and orders of the juvenile court are affirmed.