Filed 8/16/24  In re M.C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>M.C.,<br><br>     Defendant and Appellant. | F086795<br><br>(Super. Ct. No. JW140387-07)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Wendy L. Avila, Judge.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ivan P. Marrs and Angelo S. Edralin, Deputy Attorney Generals, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Smith, J. and DeSantos, J.

Minor M.C. appeals from a disposition order adjudging him a ward of the juvenile court and committing him to a maximum term of confinement of three years eight months. On appeal, minor contends his disposition violated Penal Code section 654. Respondent concedes error. We accept respondent's concession and modify the disposition order to correct the maximum term of confinement from three years eight months to three years.

## PROCEDURAL BACKGROUND

On December 28, 2021, the District Attorney filed a juvenile wardship petition pursuant to Welfare and Institutions Code section 602, alleging that minor committed assault with a firearm (Pen. Code, § 245, subd. (a)(2); count 1) and making criminal threats (Pen. Code, § 422; count 2).

On July 24, 2023, a contested jurisdictional hearing commenced, and on July 26, 2023, the juvenile court found both allegations to be true and found minor to be a person described in Welfare and Institutions Code section 602.

At the dispositional hearing conducted on August 9, 2023, the juvenile court found both counts were felonies. It ordered minor to continue as a ward of the court, as he was already on probation, and found the available confinement time was three years eight months, less 593 days' credit for time served, consisting of three years of confinement time for count 1 and eight months of confinement time for count 2. Minor was removed from the custody of his mother and committed to Kern Crossroads Facility.

## FACTUAL BACKGROUND

On December 19, 2021, while Cristin Cruz, minor's stepfather, was sitting in the living room with his daughter, minor entered the living room with a firearm. Minor was agitated regarding either a dispute he had with Cruz about a beer or about the noise Cruz's daughter made while playing, saying things to Cruz like, "Are you feeling like a man now?" He put the firearm close to Cruz's face or against his head and said, "I'm going to shoot, you motherf[*****]. I'll blow your f[******] head off." Cruz was in

2.

fear for his life and thought minor was going to shoot him. Cruz pulled out his phone to call the police. As Cruz was calling the police, minor left the house.

## DISCUSSION

Minor contends his disposition violates Penal Code section 654 because the assault and criminal threat were part of the same indivisible course of conduct. We accept the People's concession that Penal Code section 654 applies.

When a minor is removed from the physical custody of his or her parent or guardian as a result of criminal violations sustained under Welfare and Institutions section 602, the juvenile court must specify a maximum term of confinement. (Welf. & Inst. Code, § 726, subd. (d)(1).) When the court elects to calculate the maximum term of confinement by aggregating the periods of physical confinement on multiple counts and/or multiple petitions (Welf. & Inst. Code, § 726, subd. (d)(3)), Penal Code section 654's prohibition against multiple punishment applies to this determination. (*In re Billy M.* (1983) 139 Cal.App.3d 973, 978; *In re Robert W.* (1991) 228 Cal.App.3d 32, 34.)

Penal Code section 654 "generally precludes multiple punishments for a single physical act that violates different provisions of law [citation] as well as multiple punishments for an indivisible course of conduct that violates more than one criminal statute [citations]." (*People v. Newman* (2015) 238 Cal.App.4th 103, 111–112, italics omitted.) Whether a course of criminal conduct is divisible depends on the intent and objective of the actor. If all the offenses were incidental to one objective, the defendant may be punished for any one them, but not for more than one. (*People v. Jackson* (2016) 1 Cal.5th 269, 354.) But if the defendant harbored multiple objectives, independent of and not merely incidental to each other, he may be punished for each violation committed in pursuit of each independent objective, even though the violations share common acts or were parts of an otherwise indivisible course of conduct. (*People v. DeVaughn* (2014) 227 Cal.App.4th 1092, 1112.)

Whether Penal Code section 654 applies is a question of fact for the trial court, which has broad latitude in making its determination. Its findings will be upheld if supported by substantial evidence, and we view its determination in the light most favorable to the judgment. (*People v. Jackson*, *supra*, 1 Cal.5th at p. 354.) "When a trial court sentences a defendant to separate terms without making an express finding the defendant entertained separate objectives, the trial court is deemed to have made an implied finding each offense had a separate objective." (*People v. Islas* (2012) 210 Cal.App.4th 116, 129.)

Here, we cannot determine a basis for the court's implied finding that minor had separate objectives in committing the assault and the making of criminal threats, and therefore conclude it is not supported by substantial evidence. Both offenses occurred simultaneously, with one single use of the firearm, with the apparent shared objective of scaring and/or threatening Cruz with violence because minor was upset with him. As such, without further discussion, we agree with the parties that Penal Code section 654 prohibited the disposition here, and punishment on count 2 must be stayed in setting minor's maximum term of confinement.

## DISPOSITION

The disposition order is modified to reflect that minor's maximum term of confinement is three years. The juvenile court is directed to prepare an amended disposition order reflecting this change and forward a copy to the appropriate authorities. As so modified, the judgment is affirmed.